## FIRST INDIANA BANK, a Federal Savings Bank, Plaintiff–Appellee,

### v.

## David J. BAKER, Defendant–Appellant.

### Nos. 90–3772, 91–1426.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 5, 1991.

Decided March 19, 1992.

Theodore J. Nowacki, V. Samuel Laurin, III, Bose, McKinney & Evans, Indianapolis, Ind., for plaintiff-appellee.

Michael Yarbrough, Frost & Jacobs, Columbus, Ohio, for defendant-appellant.

Before CUDAHY, POSNER and COFFEY, Circuit Judges.

COFFEY, Circuit Judge.

On January 15, 1991, the district court entered a Rule 54(b) judgment granting First Indiana Bank's motion for summary judgment, holding that David J. Baker was liable for Cardinal Industries, Inc.'s,[1] default on a loan payment because Baker was

---

**1.** The entry of judgment pursuant to Rule 54(b) was necessary because the claim against Cardinal Industries was automatically stayed as a result of Cardinal filing a petition for bankruptcy.

a guarantor of the loan. Baker appeals the entry of judgment against him in the amount of $618,475.84. We affirm.

## I. FACTS

Cardinal Industries applied for and received a loan from First Indiana Bank in the amount of $501,500 on December 16, 1982. At the time, in exchange for the loan, Cardinal executed a promissory note in favor of First Indiana Bank for $501,500 at 17% interest per annum, and Baker and Austin E. Guirlinger [2] agreed in writing to guarantee the promissory note. Referring to consideration, the guarantee stated:

> "In consideration of the loans, advances, extensions of credit and financial accommodations to be given, made or afforded by the Lender to Cardinal Industries, Inc. ... the Guarantor, jointly and severally, hereby unconditionally guarantees the full and prompt payment when due of the [liabilities evidenced by the promissory note]."

The guarantors waived:

> "Any requirement that the Lender institute suit, or exercise or exhaust its rights or remedies against the Debtor, or against any other person, guarantor, mortgage, or other collateral guaranteeing or securing all or any part of the Liabilities ... prior to enforcing any rights it has under this agreement, or otherwise against the Guarantor."

As a result of a decline in interest rates, in March, 1986 Cardinal Industries began negotiating with First Indiana Bank hoping it would lower its interest rate on the 1982 note. The negotiations were successful, and on November 1, 1986, First Indiana Bank and Cardinal Industries executed a Loan Modification Agreement reducing the interest rate. Under the terms of the original guarantee, the bank possessed the right "to modify or otherwise change the terms or alter any part of the Liabilities, including, but not limited to, changing the rate of interest thereon. . . ." Nonetheless, in an abundance of caution, First Indiana

Bank obtained Baker's and Guirlinger's signatures on a "Consent by Guarantors." The "Consent by Guarantors" stated that the guarantors

> "are hereby executing this Loan Modification Agreement for the purpose of consenting to the terms thereof, and by such execution, Guarantors hereby agree that the Guarantee shall be and continue in full force and effect until the Note and the Loan together with all interest thereon shall have been paid in full."

Cardinal Industries defaulted on the payment due on February 1, 1989, and has failed to make the payments due thereafter. The district court granted First Indiana Bank's motion for summary judgment against Baker for the outstanding balance on the note, finding that Baker had unconditionally guaranteed the payment of the promissory note.

## II. ISSUES

Baker, challenging the grant of summary judgment, raises two issues on appeal: 1) whether the trial court erred in holding that there was no material issue of fact regarding the sufficiency of the consideration to support the guarantee; and 2) whether the district court erred in refusing to require First Indiana Bank to seek recovery through proceeding against the property securing the promissory note prior to requesting payment under the guarantee.

## III. CONSIDERATION FOR THE GUARANTEE

Federal Rule of Civil Procedure 56(c) states that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Baker contends that the district court erred in granting summary

---

**2.** The district court entered a default judgment against Guirlinger on August 22, 1989. Guir-

linger is not a party to this appeal.

judgment on the enforceability of the guarantee because there is a material fact at issue in regard to whether the guarantee was given as consideration for the loan. But "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986). Under the circumstances of this case, Baker's contention that there was insufficient consideration (that the guarantee was not given as consideration for the loan) to support the guarantee is irrelevant because the guarantee and the contract were executed at the same time:

> "It is not necessary for a guarantor to derive any benefit from the principal contract or the guarantee for consideration to exist. *If the guarantee is made at the time of the principal contract sufficient consideration exists.*"

*Vanek v. Indiana National Bank*, 540 N.E.2d 81, 84 (Ind.App.1989), *aff'd and adopted*, 551 N.E.2d 1134, 1135 (Ind.1990) (emphasis added) (citation omitted). Hence, Baker's guarantee was valid as a matter of law, since it was made at the time of the promissory note.

■ Baker contends that there was no consideration for the guarantee because he did not sign the guarantee for the purpose of securing any indebtedness. But the guarantee itself states that it was made "[i]n consideration of the loans, advances, extensions of credit and financial accommodations to be given, made or afforded by the Lender to Cardinal Industries, Inc....." "In the absence of ambiguity, the construction of a guarantee is a question of law." *Loudermilk v. Casey*, 441 N.E.2d 1379, 1383 (Ind.App.1982). Since the guarantee is unambiguous, Baker's subjective intent in signing the contract is immaterial. If he did not intend to guarantee payment of the promissory note, he should not have signed a document stating that he "hereby unconditionally guarantees the full and prompt payment when due of the [loan]."

Finally, the appellant argues that his consent to the 1986 Loan Modification Agreement was a "new transaction" whose consideration must be demonstrated independently of the 1982 guarantee. His contention is meritless in view of the specific language of the original guarantee, which entitled First Indiana Bank "to modify or otherwise change the terms or alter any part of the Liabilities, including, but not limited to, changing the rate of interest thereon...." The 1986 "Consent by Guarantors" was not a new guarantee, but merely an acknowledgement that "the Guarantee shall be and continue in full force and effect until the Note and the Loan together with all interest thereon shall have been paid in full." As the Loan Modification Agreement did not affect the obligations of Baker, it is immaterial whether there was any consideration for his signing of the "Consent-by-Guarantors" document.

## IV. PROCEEDING AGAINST THE GUARANTOR VS. PROCEEDING AGAINST THE COLLATERAL

The appellant argues that First Indiana Bank's failure to attempt to recoup the amount of its loan from the property securing the promissory note is a breach of an obligation of good faith to Baker. Baker has waived this issue, for he has failed to cite any pertinent authority for his argument that a lender must proceed against collateral prior to attempting to collect the obligations due on a note from the guarantor. *See United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir.1991). Furthermore, under the terms of the guarantee, this argument is frivolous. The document the guarantors signed by its very language expressly waived "[a]ny requirement that the Lender institute suit, or exercise or exhaust its rights or remedies against the Debtor, or against any other person, guarantor, mortgage, or other collateral guaranteeing or securing all or any part of the Liabilities ... prior to enforcing any rights it has under this agreement, or otherwise against the Guarantor." The district court properly allowed First Indiana Bank to pro-

ceed against Baker without first asserting an interest in the collateral securing the promissory note.

## V. CONCLUSION

We hold that Baker's guarantee of the promissory note was supported with adequate consideration as a matter of law because it was made the same day the note was executed. Moreover, Baker waived any obligation of the Bank to attempt to recoup its loan through proceedings against the collateral prior to collecting from the guarantor. Hence, the judgment of the district court is

AFFIRMED.