62 F.3d 1419
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gregory TURNER, Plaintiff/Appellant,
v.
U. SINA, M.D., et al., Defendants/Appellees.
 No. 94-2801.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 13, 1995.*
Decided July 13, 1995.
 
 Before POSNER, Chief Judge, and PELL and CUDAHY, Circuit Judges.
 
 ORDER
 
 1
 Gregory Turner, currently an inmate at Menard Correctional Center, brought suit alleging that he received inadequate medical treatment at the Pontiac Correctional Center in violation of his Eighth Amendment rights. 42 U.S.C. Sec. 1983. The district court granted summary judgment in favor of the defendants. We review a grant of summary judgment by considering all factual issues in the light most favorable to the nonmoving party and determining de novo whether there exists any genuine issue of material fact requiring submission of the case to the finder of fact or whether judgment as a matter of law was appropriate. Fed. R. Civ. P. 56(c); Colburn v. Trustee of Indiana Univ., 973 F.2d 581, 585 (7th Cir. 1992). For the reasons stated in the attached order, we AFFIRM the judgment of the district court. See also Rhodes v. Chapman, 452 U.S. 337, 345 (1981); Estelle v. Gamble, 429 U.S. 97, 105 (1976).
 
 Attachment
 UNITED STATES DISTRICT COURT
 CENTRAL DISTRICT OF ILLINOIS
 
 2
 Gregory Turner, Plaintiff,
 
 
 3
 v.
 
 
 4
 U. Sinha, M.D., et al., Defendants.
 
 No. 93-1427
 ORDER
 
 5
 July 15, 1994.
 
 
 6
 The plaintiff, a state prisoner, has brought this civil rights action pursuant to 42 U.S.C. Sec. 1983. The plaintiff claims that the defendants, health care providers and a grievance investigator at the Pontiac Correctional Center, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that he received inadequate care for an injured knee. This matter is before the court for consideration of the defendants' motions to dismiss, which the court construes as motions for summary judgment.[1] For the reasons stated in this order, the motions will be allowed.
 
 
 7
 Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Herman v. National Broadcasting Co., Inc., 744 F.2d 604, 607 (7th Cir. 1984), cert. denied, 470 U.S. 1028 (1985). In determining whether factual issues exist, the court must view all the evidence in the light most favorable to the non-moving party. Beraha v. Baxter Health Corp., 956 F.2d 1436, 1440 (7th Cir. 1992).
 
 
 8
 However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine' issue for trial." Mechnig v. Sears, Roebuck & Co., 864 F.2d 1359 (7th Cir. 1988). A "metaphysical doubt" will not suffice. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Disputed facts are material only if they might affect the outcome of the suit. First Ind. Bank v. Baker, 957 F.2d 506, 507-08 (7th Cir. 1992).
 
 FACTS
 
 9
 The plaintiff is a state prisoner, confined at the Pontiac Correctional Center at all times relevant to this action. [The plaintiff currently is incarcerated at the Menard Correctional Center.] The defendants Upendra Sinha and Dolores McDonald are, respectively, a staff physician and nurse at Pontiac. The defendant Owen Murray is the institution's health care unit administrator. The defendant Robbin Christian is a prison grievance investigator.
 
 
 10
 The following facts are uncontested: For many years, the plaintiff suffered recurrent, progressive knee problems (pain, locking and the knee "giving out"). Following the plaintiff's arrival at Pontiac, the defendant Sinha took an x-ray, which revealed no problems; however, an MRI showed a torn lateral meniscus. Accordingly, Sinha scheduled the plaintiff for arthroscopic surgery. On June 4, 1992, the defendant Sinha performed the operation on the plaintiff's left knee at the Saint James Hospital in Pontiac, Illinois. Sinha's report indicated that the operation had gone "very well."
 
 
 11
 Despite the operation's apparent success, the plaintiff began to complain in the following months that the condition of his knee was worse instead of better. The plaintiff discussed his concerns with his orthopedic surgeon, who advised the plaintiff that the cartilage in his knee would be sore for quite some time. The plaintiff also was scheduled to receive physical therapy.
 
 
 12
 Thereafter, the plaintiff filed institutional grievances requesting additional tests, physical therapy, and to see another specialist. The requests were denied at all levels of review based on the finding that the plaintiff was receiving "appropriate treatment."
 
 DISCUSSION
 
 13
 No material facts are in dispute, and the court concludes that the defendants are entitled to judgment as a matter of law. Even viewing the record in the light most favorable to the plaintiff, no reasonable person could find that the defendants acted with deliberate indifference to a serious medical need.
 
 
 14
 In order for a prison inmate to prevail under 42 U.S.C. Sec. 1983 on a claim of medical mistreatment, the inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The standard of deliberate indifference was recently reaffirmed in Hudson v. McMillian, 112 S.Ct. 995, 1000 (1992) ("society does not expect that prisoners will have unqualified access to health care"); see also Wilson v. Seiter, 111 S.Ct. 2321 (1991). The indifference to medical needs must be substantial; inadequate treatment due to negligence, inadvertence or differences in judgment between an inmate and medical personnel do not rise to the level of constitutional violations. Estelle; Hughes v. Joliet Correctional Center, 931 F.2d 425, 428 (7th Cir. 1991).
 
 
 15
 In the case at bar, it is highly questionable whether the plaintiff's knee condition could be deemed "serious." In considering whether a medical need is "serious," the court considers such factors as the severity of the medical problem, the potential for harm if medical care is denied or delayed, and whether any such harm actually resulted from the lack of medical attention. See Burns v. Head Jailer of LaSalle County Jail, 576 F. Supp. 618, 620 (N.D. Ill. 1984); see also Thomas v. Pate, 493 F.2d 151, 158 (7th Cir. 1974), cert. denied, 419 U.S. 813 (1974). A medical condition is deemed to be serious if it may be "life threatening or pose[s] a risk of needless pain or lingering disability if not treated at once." Davis v. Jones, 936 F.2d 971, 972 (7th Cir. 1991).
 
 
 16
 The plaintiff's knee problems simply do not strike the court as a condition of the gravity contemplated by Estelle. The plaintiff's medical records indicate that his knee problems were chronic and long-term. While persistent problems such as a "bad" knee, lower back pain or arthritis undoubtedly cause pain and discomfort, the plaintiff had no critical injury requiring urgent medical attention.
 
 
 17
 Even assuming arguendo that the plaintiff's recurring knee problems did constitute a "serious" medical need, the record shows that the plaintiff received comprehensive treatment. The plaintiff had frequent consultations with the medical staff, he saw an orthopedic specialist, he received surgery, and he was given physical therapy and other follow-up care.
 
 
 18
 The plaintiff is not constitutionally entitled to additional diagnostic tests, nor to a second opinion by another specialist. The health staff at Pontiac believed that the plaintiff was receiving "appropriate" care, and that further treatment was not necessary. The court cannot second-guess the judgment of trained health care professionals. The plaintiff's dissatisfaction with prescribed treatment actually received is not actionable under the civil rights statutes. Benson v. Cady, 761 F.2d 335, 341 (7th Cir. 1985). The defendants' level of care was not "so clearly inadequate as to amount to a refusal to provide essential care." See Thomas v. Pate, 493 F.2d at 158.
 
 
 19
 There is also no triable issue as to whether the defendant McDonald violated the plaintiff's constitutional rights by denying him physical therapy. The plaintiff clarifies that he had to wait in the health care unit's waiting room to see McDonald, not that he was denied visits. However, like any hospital or clinic, a prison health care unit must prioritize the need and demand for medical services. Excusable delays in properly treating an inmate that do not stem from deliberate indifference, do not implicate the Eighth Amendment. Shockley v. Jones, 823 F.2d 1068, 1072 (7th Cir. 1986). The plaintiff's medical records show that he was "loud and demanding," often refused treatment [presumably in anger over being forced to wait] and was a frequent "no-show" for scheduled appointments. The plaintiff's conduct and his expectations of preferred treatment were plainly unreasonable. Furthermore, his failure to make scheduled appointments belies that he had any serious need. The plaintiff has failed to raise an inference that the defendant McDonald had a culpable intent to cause the plaintiff unnecessary pain.
 
 
 20
 Even assuming (without deciding) that the medical staff should have established a different treatment plan, or that better physicians might have treated the plaintiff's knee condition more successfully, the matter does not rise to the level of a constitutional violation. Nothing in the record suggests that the defendants acted with criminal recklessness, and medical malpractice is not a proper basis for a lawsuit under 42 U.S.C. Sec. 1983. Estelle, 429 U.S. at 106; Holmes v. Sheahan, 930 F.2d 1196, 1200 (7th Cir. 1991). The plaintiff received substantial--and constitutionally adequate--medical attention.
 
 
 21
 Finally, the plaintiff has no cause of action regarding the denial of his grievances. As discussed above, the plaintiff's complaints were without constitutional merit; in any case, Illinois' statutory grievance procedures do not create a protected interest. Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982). The failure of the defendant Christian [and of the Administrative Board, on review] to rule favorably on the plaintiff's prison grievances is not actionable under Section 1983.[2]
 
 
 22
 In sum, the record establishes beyond doubt that the defendants are entitled to judgment as a matter of law. Even viewing the record in the light most favorable to the plaintiff, no reasonable person could find that the defendants acted with deliberate indifference to a serious medical need. The quality of the plaintiff's medical care clearly satisfied the Eighth Amendment. Regardless, the plaintiff has no constitutional cause of action regarding the denial of his related grievances. Accordingly, summary judgment will be granted in favor of the defendants.
 
 
 23
 IT IS THEREFORE ORDERED that the defendants' motions to dismiss (docket numbers 26 and 29), which the court construes as motions for summary judgment, are allowed. The Clerk of the court is directed to enter judgment in favor of the defendants and against the plaintiff pursuant to Fed. R. Civ. P. 56. The case is terminated. The parties are to bear their own costs.
 
 
 24
 /S/ Michael M. Mihm
 
 MICHAEL M. MIHM
 Chief U.S. District Judge
 
 
 *
 The appellees filed a notice of intent not to file a brief. After preliminary examination of the appellant's brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the appellant's brief, and the record, the request for oral argument is denied and the appeal is submitted on the appellant's brief and record
 
 
 [1]
 See Minute Entry of April 18, 1994; Fed. R. Civ. P. 12(c)
 
 
 [2]
 Furthermore, the defendant Murray cannot be held liable for responding to the grievances when he was not the plaintiff's treating physician. As a medical doctor and the health care unit administrator, Murray was perfectly capable of reviewing the plaintiff's medical records and evaluating the quality of his care