62 F.3d 1419
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Paul ODEN, Plaintiff/Appellant,
v.
Captain SHETTLEWORTH, Defendant/Appellee.
 No. 95-1396.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 28, 1995.*
Decided July 31, 1995.
 
 Before Flaum, Ripple and Kanne, Circuit Judges.
 
 ORDER
 
 1
 Paul Oden appeals the district court's entry of summary judgment for the defendant in his suit brought pursuant to 42 U.S.C. Sec. 1983. Oden claims that his Eighth Amendment rights were violated by a prison official when he was not provided with an extra mattress as ordered by a medical professional and was not transferred to the Convalescent Gallery. For the reasons stated in the district court's order, we AFFIRM.
 
 ATTACHMENT
 
 2
 UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF ILLINOIS
 
 
 3
 Paul Oden, Plaintiff,
 
 
 4
 vs.
 
 
 5
 Captain Shettleworth, Defendant.
 
 No. 94-1018
 ORDER
 
 6
 MIHM, Chief Judge.
 
 
 7
 The plaintiff, a state prisoner, has brought this civil rights action pursuant to 42 U.S.C. Sec. 1983. The plaintiff claims that the defendant, an officer at the Pontiac Correctional Center, violated the plaintiff's constitutional rights by acting with deliberate indifference to his medical condition. More specifically, the plaintiff alleges that he was denied an extra mattress and placement on the convalescent gallery despite his lupus erythematosus. This matter is before the court for consideration of the defendant's motion for summary judgment. Although advised of his opportunity to do so, the plaintiff has not responded to the motion. For the reasons stated in this order, the unopposed motion will be allowed.
 
 
 8
 Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Herman v. National Broadcasting Co., Inc., 744 F.2d 604, 607 (7th Cir. 1984), cert. denied, 470 U.S. 1028 (1985). In determining whether factual issues exist, the court must view all the evidence in the light most favorable to the non-moving party. Beraha v. Baxter Health Corp., 956 F.2d 1436, 1440 (7th Cir. 1992).
 
 
 9
 However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine' issue for trial." Mechnig v. Sears, Roebuck & Co., 864 F.2d 1359 (7th Cir. 1988). A "metaphysical doubt" will not suffice. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Disputed facts are material only if they might affect the outcome of the suit. First Ind. Bank v. Baker, 957 F.2d 506, 507-08 (7th Cir. 1992).
 
 FACTS
 
 10
 The plaintiff is a state prisoner, confined at the Pontiac Correctional Center at all times relevant to this action. The defendant, Josh Shettleworth, is a captain assigned to the facility's South Cellhouse, where the plaintiff was housed.
 
 
 11
 The following facts are undisputed: The plaintiff has suffered from systemic lupus and lupoid arthritis since 1980. On December 22, 1992, the prison's medical director issued a memorandum authorizing the plaintiff's placement on the unit formerly known as the Convalescent Gallery. The defendant offered the plaintiff a cell in January, 1993, the earliest available date. The plaintiff refused to move. On September 27, 1993, the medical director authorized a second mattress for the plaintiff; however, no extra mattresses were available at that time.
 
 DISCUSSION
 
 12
 No material facts are in dispute, and the court concludes that the defendant is entitled to judgment as a matter of law. Even viewing the record in the light most favorable to the plaintiff, no reasonable person could find that the defendant acted with deliberate indifference to a serious medical need.
 
 
 13
 In order for a prison inmate to prevail under 42 U.S.C. Sec. 1983 on a claim of medical mistreatment, the inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The standard of deliberate indifference was recently reaffirmed in Hudson v. McMillian, 112 S.Ct. 995, 1000 (1992) ("society does not expect that prisoners will have unqualified access to health care"); see also Wilson v. Seiter, 111 S. Ct. 2321 (1991). The indifference to medical needs must be substantial to rise to the level of a constitutional violation. Estelle; Hughes v. Joliet Correctional Center, 931 F.2d 425, 428 (7th Cir. 1991).
 
 
 14
 The court will assume for purposes of this motion that lupus is a "serious" medical condition. However, the plaintiff's desire to be placed on convalescent status and his demand for a second mattress cannot fairly be characterized as "serious" medical needs.
 
 
 15
 In considering whether a medical need is "serious," the court considers such factors as the severity of the medical problem, the potential for harm if medical care is denied or delayed, and whether any such harm actually resulted from the lack of medical attention. See Burns v. Head Jailer of LaSalle County Jail, 576 F. Supp. 618, 620 (N.D. Ill. 1984); see also Thomas v. Pate, 493 F.2d 151, 158 (7th Cir. 1974), cert. denied, 419 U.S. 813 (1974). A medical problem is deemed to be serious if it may be "life threatening or pose[s] a risk of needless pain or lingering disability if not treated at once." Davis v. Jones, 936 F.2d 971, 972 (7th Cir. 1991).
 
 
 16
 The plaintiff's special "needs" do not rise to the level of a medical necessity contemplated by Estelle. As discussed at length in Oden v. Mueller, et al. (Case Number 93-1362), inmates in the Convalescent Gallery receive no greater care than other inmates. See Order of March 21, 1994. In any case, the plaintiff was offered, but refused, placement on the Convalescent Gallery. The plaintiff has no constitutional claim since he rejected the transfer he sought.
 
 
 17
 Furthermore, while a second mattress perhaps might have made the plaintiff sleep more comfortably, the denial due to a shortage of available beds did not approach a wanton infliction of pain and suffering. The plaintiff's requests for special consideration, even though authorized by the medical director, did not constitute "serious" medical needs. The plaintiff's allegations do not implicate the Eighth Amendment. Accordingly, the defendant's unopposed motion for summary judgment will be granted.
 
 
 18
 IT IS THEREFORE ORDERED that the defendant's motion for summary judgment (docket #11) is allowed. The Clerk of the court is directed to enter judgment in favor of the defendant and against the plaintiff pursuant to Fed. R. Civ. P. 56. The case is terminated. The parties are to bear their own costs.
 
 
 19
 Enter this 17th day of January, 1995.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record