69 F.3d 539
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Paul ODEN, Plaintiff-Appellant,
v.
Les AMDOR, et al., Defendants-Appellees.
 No. 94-3546.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 18, 1995.[1]
Decided Oct. 23, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Paul Oden appeals from a district court order dismissing his civil rights suit, 42 U.S.C. Sec. 1983, alleging deliberate indifference to his medical needs. For the reasons stated in the attached Order, the judgment of the district court is AFFIRMED.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 CENTRAL DISTRICT OF ILLINOIS
 
 2
 Paul Oden, Plaintiff,
 
 
 3
 v.
 
 
 4
 Leslie Amdor, et al., Defendants.
 
 No. 93-1485
 ORDER
 
 5
 MIHM, Chief Judge.
 
 
 6
 The plaintiff, a state prisoner, has brought this civil rights action pursuant to 42 U.S.C. Sec. 1983. The plaintiff claims that the defendants, various correctional officials and health care providers, violated the plaintiff's constitutional rights by acting with deliberate indifference to his medical needs. More specifically, the plaintiff alleges that the defendants failed to provide him with all his needed daily medications, causing health complications. This matter is before the court for consideration of the defendants' motion for summary judgment. For the reasons stated in this order, the motion will be allowed.
 
 
 7
 Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Herman v. National Broadcasting Co., Inc., 744 F.2d 604, 607 (7th Cir.1984), cert. denied, 470 U.S. 1028 (1985). In determining whether factual issues exist, the court must view all the evidence in the light most favorable to the non-moving party. Beraha v. Baxter Health Corp., 956 F.2d 1436, 1440 (7th Cir.1992).
 
 
 8
 However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine' issue for trial." Mechnig v. Sears, Roebuck & Co., 864 F.2d 1359 (7th Cir.1988). A "metaphysical doubt" will not suffice. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Disputed facts are material only if they might affect the outcome of the suit. First Ind. Bank v. Baker, 957 F.2d 506, 507-08 (7th Cir.1992).
 
 FACTS
 
 9
 The plaintiff is a state prisoner, confined at the Pontiac Correctional Center at all times relevant to this action. The plaintiff suffers from lupus erythematosus, a blood disease. The defendant Leslie Amdor was a medical technician during the time period in question. The defendant Owen Murray is Pontiac's health care unit administrator. The defendant Richard Gramley is the prison's warden. The defendant Howard Peters is the Director of the Department of Corrections.
 
 
 10
 The following facts are undisputed: On or about November 25, 1992, the defendant Amdor was assigned to deliver prescription medicine to inmates in Pontiac's south cellhouse. Upon reaching the plaintiff's cell, Amdor gave the plaintiff his weekly medicine. However, the plaintiff noticed that one medication (prednisone, a steroid) was missing from the batch. The plaintiff told Amdor that the other medications were "useless" without the prednisone. The plaintiff requested placement in the hospital, sure that he would be sick by the morning. Amdor agreed to verify whether the plaintiff had a prescription for prednisone, promising to return with the medicine if it was authorized.
 
 
 11
 Amdor returned to the health care unit and checked the plaintiff's medication sheet. Amdor saw that the plaintiff's medication order had expired and that the plaintiff therefore was not scheduled to receive any medication that night. Amdor additionally noted that the plaintiff had received a seven-day supply of medicine on November 19, 1993, which, if taken properly, should have lasted until November 26, 1993. Amdor believes that he contacted a doctor to make sure that the lack of medication would not cause a problem. Amdor then left a letter for the morning medical technician informing him that the plaintiff's prescription needed renewal.
 
 
 12
 The next morning, the plaintiff complained of chest pains and a lupus flare-up. He was taken to the institutional hospital, treated, and released. The purported medical problems should not have been caused by the lack of prednisone since it stays in the body for up to seventy-two hours.
 
 
 13
 The plaintiff subsequently filed two grievances regarding his allegedly improper medical treatment. One grievance evidently was lost; the defendants Gramley and Peters denied the other grievance, finding no impropriety and observing that the issue was moot since Amdor by then already had left his job as med tech and taken a new position, as correctional counselor.
 
 DISCUSSION
 
 14
 No material facts are in dispute, and the court concludes that the defendants are entitled to judgment as a matter of law. Even viewing the record in the light most favorable to the plaintiff, no reasonable person could find that the defendant Amdor acted with deliberate indifference to a serious medical need. Regardless, the supervisory officials could not be held liable for Amdor's actions.
 
 
 15
 In order for a prison inmate to prevail under 42 U.S.C. Sec. 1983 on a claim of medical mistreatment, the inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The standard of deliberate indifference was recently reaffirmed in Hudson v. McMillian, 112 S.Ct. 995, 1000 (1992) ("society does not expect that prisoners will have unqualified access to health care"); see also Wilson v. Seiter, 111 S.Ct. 2321 (1991). The indifference to medical needs must be substantial; inadequate treatment due to negligence, inadvertence or differences in judgment between an inmate and medical personnel do not rise to the level of constitutional violations. Estelle; Hughes v. Joliet Correctional Center, 931 F.2d 425, 428 (7th Cir.1991). Deliberate indifference may be demonstrated by actual intent or by reckless disregard. See Miltier v. Bourn, 896 F.2d 848, 851 (4th Cir.1990).
 
 
 16
 The court will assume for purposes of this motion that lupus is a "serious" medical condition. Nevertheless, a one-day dose of prednisone cannot fairly be characterized as a serious need. In considering whether a medical need is "serious," the court considers such factors as the severity of the medical problem, the potential for harm if medical care is denied or delayed, and whether any such harm actually resulted from the lack of medical attention. See Burns v. Head Jailer of LaSalle County Jail, 576 F.Supp. 618, 620 (N.D.Ill.1984); see also Thomas v. Pate, 493 F.2d 151, 158 (7th Cir.1974), cert. denied, 419 U.S. 813 (1974). A medical condition is deemed to be serious if it may be "life threatening or pose[s] a risk of needless pain or lingering disability if not treated at once." Davis v. Jones, 936 F.2d 971, 972 (7th Cir.1991).
 
 
 17
 According to Amdor, prednisone stays in the body for at least seventy-two hours; furthermore, a doctor apparently told Amdor that the plaintiff would not suffer from the lack of prednisone for one day. The plaintiff is not a physician; thus, his assertion that his other medications would be useless without prednisone has no weight. Apart from the plaintiff's mere say-so, there is simply no evidence that his need for prednisone the night the prescription expired constituted a "serious" need for purposes of Eighth Amendment analysis.
 
 
 18
 Even assuming that the plaintiff did, in fact, suffer health complications as a result of the lack of prednisone, Amdor cannot be held liable because he did not act with deliberate indifference. A medical technician, Amdor could not dispense medication without a prescription and he had no authority to renew the medication himself. In good faith, Amdor double-checked the plaintiff's medical records, contacted a physician, and called the situation to the attention of the next day's health care staff.[1] Amdor's actions did not reflect the obduracy and wantonness necessary for Eighth Amendment liability.
 
 
 19
 In the same token, the plaintiff had no constitutional entitlement to placement in the hospital. As explained in Amdor's affidavit, a medical alert is not a "free pass" to the hospital and has no bearing on whether an inmate should be placed there. The decision whether to hospitalize an inmate is based on whether his medical condition requires hospital care. The plaintiff had no right to be placed in the hospital in anticipation of a possible health problem. The defendant Amdor is entitled to judgment as a matter of law.
 
 
 20
 The plaintiff likewise has no claim against those defendants sued for their supervisory roles. As this court has reminded the plaintiff time and again in previous lawsuits, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. Sec. 1983. See Pacelli v. DeVito, 972 F.2d 871, 877 (7th Cir.1992). Because Section 1983 does not create collective or vicarious responsibility, supervisors cannot be held liable for the errors of their subordinates. Id.
 
 
 21
 The record contains no evidence that the defendants Murray, Peters or Gramley knew of, consented to, or directed Amdor's actions on November 25, 1992. Even assuming (without finding) that Amdor erred, the defendants cannot be held liable for failing to take disciplinary action against him after the fact. Furthermore, Illinois' statutory grievance procedures do not create a protected interest. Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982). Thus, neither the defendants' alleged mishandling of one prison grievance nor their unfavorable ruling on the other grievance is actionable under 42 U.S.C. Sec. 1983. The plaintiff has failed to articulate an Eighth Amendment or due process claim against the supervisor defendants.
 
 
 22
 In sum, no material facts are in dispute, and the court finds that the defendants are entitled to judgment as a matter of law. There is no triable issue as to whether the defendants acted with deliberate indifference to a serious medical need. Moreover, the plaintiff had no constitutional right to the satisfactory resolution of his related grievances. This lawsuit is groundless and appears to be entirely manufactured. Accordingly, the defendants' motion for summary judgment will be granted.
 
 
 23
 IT IS THEREFORE ORDERED that the defendants' motion for summary judgment (docket # 16) is allowed. The Clerk of the court is directed to enter judgment in favor of the defendants and against the plaintiff pursuant to Fed.R.Civ.P. 56. The case is terminated. The parties are to bear their own costs.
 
 
 24
 IT IS FURTHER ORDERED that the plaintiff's motion for an extension of time (docket # 21) in which to respond to the defendants' motion to substitute affidavit (docket # 19) is denied as moot. That motion was allowed on August 26, 1994.
 
 
 25
 Enter this 26th day of September, 1994.
 
 
 
 [1]
 After preliminary examination of the appellant's brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the record and the appellant's brief. (The appellees have advised the court that they will not be filing a brief in this matter.)
 
 
 [1]
 The plaintiff disputes Amdor's statements in his affidavit that he contacted a physician and left a note for the next day's medical staff. However, there is no genuine issue of fact, as the plaintiff has no personal knowledge what Amdor did or did not do. The plaintiff cites the Administrative Board's statement as "proof;" however, that document merely recites the plaintiff's allegations and Amdor's response