69 F.3d 539
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Paul ODEN, Plaintiff-Appellant,
v.
Superintendent Dwayne WALL, et al., Defendants-Appellees.
 No. 94-2833.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 13, 1995.[1]
Decided Oct. 26, 1995.
 
 Before FLAUM, MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Paul Oden appeals from a district court order dismissing his civil rights suit, 42 U.S.C. Sec. 1983, alleging deliberate indifference to his medical needs in violation of the eighth amendment.
 
 
 2
 Plaintiff, who suffers from lupus erythematosus, maintains that he needs a single convalescent cell because of his illness. We agree with the district court that denial of a single cell does not constitute deliberate indifference to plaintiff's medical needs. See Farmer v. Brennan, 114 S.Ct. 1970 (1994). We also note our recent order affirming the district court's finding that no eighth amendment violation occurred when plaintiff was denied an extra mattress and convalescent status. Oden v. Shettleworth, No. 95-1396 (7th Cir. July 31, 1995) (unpublished order).
 
 
 3
 For the reasons stated in the attached Order, the judgment of the district court is AFFIRMED.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 CENTRAL DISTRICT OF ILLINOIS
 
 4
 Paul Oden, Plaintiff,
 
 
 5
 vs.
 
 
 6
 Superintendent Wall, et al., Defendants.
 
 No. 93-1496
 ORDER
 
 7
 MIHM, Chief Judge.
 
 
 8
 The plaintiff, a state prisoner, has brought this civil rights action pursuant to 42 U.S.C. Sec. 1983. The plaintiff claims that the defendants, various correctional officials and health care providers, have violated the plaintiff's constitutional rights by acting with deliberate indifference to his medical needs. More specifically, the plaintiff alleges that he has been denied a single cell permit, which he appears to contend is medically necessary. This matter is before the court for consideration of the defendants' motion to dismiss, which the court treats as a motion for summary judgment.[1]
 
 
 9
 Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Herman v. National Broadcasting Co., Inc., 744 F.2d 604, 607 (7th Cir.1984), cert. denied, 470 U.S. 1028 (1985). In determining whether factual issues exist, the court must view all the evidence in the light most favorable to the non-moving party. Beraha v. Baxter Health Corp., 956 F.2d 1436, 1440 (7th Cir.1992).
 
 
 10
 However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine' issue for trial." Mechnig v. Sears, Roebuck & Co., 864 F.2d 1359 (7th Cir.1988). A "metaphysical doubt" will not suffice. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Disputed facts are material only if they might affect the outcome of the suit. First Ind. Bank v. Baker, 957 F.2d 506, 507-08 (7th Cir.1992).
 
 FACTS
 
 11
 The plaintiff is a state prisoner, confined at the Pontiac Correctional Center at all times relevant to this action. The defendant Richard Gramley is Pontiac's warden. The defendants Dwayne Wall, Charles McBurney and Troy Quinley are correctional officers at Pontiac. The defendant Owen Murray is the prison medical director. The defendant Howard Peters is the Director of the Illinois Department of Corrections.
 
 
 12
 The following facts are undisputed: The plaintiff suffers from systemic lupus erythematosus. On December 21, 1992, the defendant Murray placed the plaintiff on the prison's convalescent gallery. Although the plaintiff enjoyed a single-man cell, Murray had not issued him a single-cell permit.
 
 
 13
 On January 4, 1993, the plaintiff returned to the convalescent gallery after spending time in the prison segregation unit. The plaintiff refused placement on the convalescent gallery because he did not want to share his cell. [The plaintiff reports that the convalescent gallery had only fifteen cells at the time and may have since been eliminated altogether.] Despite the plaintiff's protests, the defendants Quinley, Wall and Mcburney refused to move him into an available single cell.
 
 
 14
 The plaintiff filed grievances and wrote letters to the defendants Walls, Gramley and Peters. In response to his letters, the plaintiff was directed to avail himself of the grievance process. The grievances, however, were denied.
 
 DISCUSSION
 
 15
 No material facts are in dispute, and the court finds that the defendants are entitled to judgment as a matter of law. Even viewing the record in the light most favorable to the plaintiff, no reasonable person could find that the defendants acted with deliberate indifference to a serious medical need, denied the plaintiff due process, or retaliated against him for exercising a protected right. The plaintiff had no constitutional right to remain in a single-man cell. This lawsuit is wholly without merit.
 
 
 16
 The denial of a single cell did not constitute deliberate indifference to the plaintiff's serious medical needs. In order for a prison inmate to prevail under 42 U.S.C. Sec. 1983 on a claim of medical mistreatment, he must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The indifference to medical needs must be substantial; inadequate treatment due to negligence, inadvertence or differences in judgment between an inmate and medical personnel do not rise to the level of constitutional violations. Estelle; Hughes v. Joliet Correctional Center, 931 F.2d 425, 428 (7th Cir.1991).
 
 
 17
 The court will assume for purposes of this motion that lupus is a "serious" medical condition. However, the plaintiff's desire to be placed in a single cell cannot fairly be characterized as a serious need. In considering whether a medical need is "serious," the court considers such factors as the severity of the medical problem, the potential for harm if medical care is denied or delayed, and whether any such harm actually resulted from the lack of medical attention. See Burns v. Head Jailer of LaSalle County Jail, 576 F.Supp. 618, 620 (N.D.Ill.1984); see also Thomas v. Pate, 493 F.2d 151, 158 (7th Cir.1974), cert. denied, 419 U.S. 813 (1974). A medical condition is deemed to be serious if it may be "life threatening or pose[s] a risk of needless pain or lingering disability if not treated at once." Davis v. Jones, 936 F.2d 971, 972 (7th Cir.1991).
 
 
 18
 According to the affidavit of Dr. Murray, the plaintiff has no "medically indicated" need for single cell permit. Murray did authorize the plaintiff's placement on the convalescent gallery, but the plaintiff refused to remain there.[2] The court, having no medical expertise, must defer to the doctor's professional judgment. Apart from the plaintiff's say-so, there is simply no evidence that his desire to be in a single cell constitutes a "serious" need for purposes of Eighth Amendment analysis. The plaintiff's purported "need" does not rise to the level of a medical necessity contemplated by Estelle.
 
 
 19
 The plaintiff's assertion that Murray showed a "lack of proper performance of job duties" is not actionable under 42 U.S.C. Sec. 1983. The plaintiff's disagreement with Murray's medical decision regarding housing does not implicate the Eighth Amendment. Benson v. Cady, 761 F.2d 335, 341 (7th Cir.1985). The defendant's refusal to merely to authorize single-celling did not amount to "a refusal to provide essential care." See Thomas v. Pate, 493 F.2d at 158. Medical malpractice, moreover, is not a proper basis for a lawsuit under 42 U.S.C. Sec. 1983. Estelle, 429 U.S. at 106; Holmes v. Sheahan, 930 F.2d 1196, 1200 (7th Cir.1991).
 
 
 20
 The plaintiff also has no due process claim with respect to his placement in a two-man cell. An inmate has no protected interest in choosing his cell assignment. McCalvin v. Fairman, 603 F.Supp. 342, 346 (C.D.Ill.1985); see also Williams v. Faulkner, 837 F.2d 304, 309 (7th Cir.1988) (no right to particular prison wing). Double-celling is constitutionally permissible. Bell v. Wolfish, 441 U.S. 520, 542 (1979).
 
 
 21
 The plaintiff characterizes the defendants' refusal to place him in a single cell as "retaliatory." The plaintiff's argument is spurious. The record raises no inference that the defendants punished the plaintiff for exercising a constitutionally protected right. See Cain v. Lane, 857 F.2d 1139 (7th Cir.1988). Rather, the defendants placed him in a double cell because he had no special permit authorizing him to be housed in a single cell. The plaintiff's conclusory allegation of retaliation cannot survive summary judgment.
 
 
 22
 In sum, no material facts are in dispute, and the defendants are entitled to judgment as a matter of law. There is no triable issue as to whether the defendants acted with deliberate indifference to a serious medical need, denied the plaintiff due process, or engaged in retaliation against him. The plaintiff simply was not constitutionally entitled to a single-man cell. Accordingly, the defendants' motion to dismiss (for summary judgment) will be granted.
 
 
 23
 IT IS THEREFORE ORDERED that the defendants' motion to dismiss (docket # 19), which the court construes as a motion for summary judgment, is allowed. The Clerk of the court is directed to enter judgment in favor of the defendants and against the plaintiff pursuant to Fed.R.Civ.P. 56. The case is terminated. The parties are to bear their own costs.
 
 
 24
 Enter this 22nd day of July, 1994.
 
 
 
 [1]
 The appellees have informed the court that they will not be filing a brief in this appeal. After preliminary examination of the briefs, the court notified the appellant that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that the appellant might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). The appellant has not filed a statement. The appeal is submitted on the record and the appellant's brief
 
 
 [1]
 See Minute Entry of March 29, 1994; Fed.R.Civ.P. 12(c)
 
 
 [2]
 The plaintiff filed a separate lawsuit regarding his perceived entitlement to convalescent status. See Oden v. Mueller, et al., Case Number 93-1362. The court granted summary judgment in favor of the defendants in that action on March 21, 1991. That case currently is on appeal