**Robert BURRELL, Plaintiff,**

v.

**Jagat DATTA, M.D., Defendant.**

No. 97–2104.

United States District Court,
C.D. Illinois.

Aug. 26, 1998.

Robert N. Burrell, Jr., Pine Bluff, AR, pro se.

J. Frank McCartney, Office of the Attorney General, Springfield, IL, for Defendant.

### ORDER

MCCUSKEY, District Judge.

The plaintiff, a state prisoner, has brought this civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, a physician at the Danville Correctional Center, violated the plaintiff's constitutional rights by acting with deliberate indifference to his medical needs. More specifically, the plaintiff alleges that the defendant's misprescription of a medication caused severe health

complications. This matter is before the court for consideration of the parties' cross-motions for summary judgment. Having considered the supporting and opposing briefs, the court, for the reasons stated in this order, hereby grants summary judgment in favor of the defendant and against the plaintiff.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Herman v. National Broadcasting Co., Inc.,* 744 F.2d 604, 607 (7th Cir.1984), *cert. denied,* 470 U.S. 1028, 105 S.Ct. 1393, 84 L.Ed.2d 782 (1985). In determining whether factual issues exist, the court must view all the evidence in the light most favorable to the non-moving party. *Beraha v. Baxter Health Care Corp.,* 956 F.2d 1436, 1440 (7th Cir. 1992).

However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine' issue for trial." *Mechnig v. Sears, Roebuck & Co.,* 864 F.2d 1359 (7th Cir.1988). A "metaphysical doubt" will not suffice. *Matsushita Elec., Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Disputed facts are material only if they might affect the outcome of the suit. *First Ind. Bank v. Baker,* 957 F.2d 506, 507–08 (7th Cir.1992).

### FACTS

The plaintiff is a state prisoner, confined at the Danville Correctional Center at all times relevant to this action. The defendant, Jagat Datta, was a part-time staff physician at the prison.

The following facts are undisputed for purposes of this motion: On October 19, 1995, the plaintiff awoke in his cell feeling hot, dizzy, and nauseated. The plaintiff was taken to the health care unit for treatment of his "flu-like" symptoms. To relieve the plaintiff's vomiting, the defendant prescribed Tigan suppositories without first examining him.[1]

Either that same day or the next day, the defendant also prescribed Symmetrel, an anti-viral drug "commonly prescribed" for treatment of influenza. The plaintiff had never taken Symmetrel before; therefore, his medical records reflected no known allergies to the medication. Symmetrel is used not only as an anti-viral drug, but also to treat Parkinson's disease.

Dr. Datta did not return to the institution for his next shift until a week later.

Shortly after the plaintiff began taking Symmetrel, his central nervous system "froze up." The plaintiff lost control of his arms and legs, had great difficulty walking, and suffered hallucinations.

The plaintiff was taken to an outside hospital for tests and treatment on or about October 23, 1995. One of the hospital physicians thought the plaintiff's condition might be attributable to "possible adverse effects from drug therapy." The doctor recommended that the Symmetrel be discontinued. However, when the plaintiff returned from the hospital, a nurse attempted to give him the same medication, stating that there was nothing in his records about taking him off Symmetrel. The plaintiff refused to take the medication.

The plaintiff may have suffered a stroke on November 19, 1996 [a year later] and again on June 25, 1998. He believes the Symmetrel ultimately caused both strokes. The plaintiff's employment prospects have been limited by his resulting physical disability.

---

1. The plaintiff's medical records appear to indicate that Datta did examine the plaintiff on October 19, 1995, at 2:30 p.m. and on October 20, 1995, at 3:30 p.m. However, for purposes of this motion the court will accept the plaintiff's account as true.

## DISCUSSION

No material facts are in dispute, and the court finds that the defendant is entitled to judgment as a matter of law. Even viewing the record in the light most favorable to the plaintiff, no reasonable person could find that the defendant acted with deliberate indifference to the plaintiff's serious medical needs, or with such incompetence as to implicate Eighth Amendment concerns.

In order for a prison inmate to prevail under 42 U.S.C. § 1983 on a claim of medical mistreatment, he must show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The standard of deliberate indifference has been repeatedly reaffirmed, as in *Hudson v. McMillian,* 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) ("[S]ociety does not expect that prisoners will have unqualified access to health care"); *see also Wilson v. Seiter,* 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The indifference to medical needs must be substantial; inadequate treatment due to negligence, inadvertence or differences in judgment between an inmate and medical personnel do not rise to the level of constitutional violations. *Estelle; Hughes v. Joliet Correctional Center,* 931 F.2d 425, 428 (7th Cir.1991) (if the claim is merely medical malpractice, it should be brought in state court). Deliberate indifference may be demonstrated by actual intent or by reckless disregard. *See Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir.1990).

The plaintiff has failed to establish a triable issue as to whether Symmetrel caused the health complications about which he complains. According to Dr. Datta in his affidavit, "no subjective complaints by Mr. Burrell or objective symptoms observed by me were related to the Symmetrel medication." The plaintiff contends that hospital doctors blamed Symmetrel for his condition, but that hearsay assertion is not evidence and cannot be given any weight. *See Eisenstadt v. Centel Corp.,* 113 F.3d 738, 742 (7th Cir.1997) ("hearsay is inadmissible in summary judgment proceedings to the same extent it is inadmissible in a trial"). The plaintiff was already suffering various medical complaints at the time the medication was prescribed; he has provided no verifying medical evidence to support his subjective belief that Symmetrel further exacerbated those symptoms. *See Langston v. Peters,* 100 F.3d 1235, 1240 (7th Cir.1996). There is only one notation in the plaintiff's medical records that Symmetrel "possibly" caused adverse side effects.

Even assuming *arguendo* that Symmetrel did cause the plaintiff's health to deteriorate, the court finds no basis for assessing Eighth Amendment liability as to the defendant. While it is true that Symmetrel is sometimes used to treat Parkinson's disease, the *Physician's Desk Reference* corroborates Datta's assertion in his affidavit that Symmetrel is also commonly prescribed for treatment of the flu. Furthermore, nothing in the plaintiff's medical records indicated that he might be allergic to Symmetrel.[2] Thus, even accepting as true that Symmetrel was responsible for the health complications described by the plaintiff, Dr. Datta's reliance on that medication was not "completely inappropriate," as the plaintiff maintains.

Datta's purported failure to examine the plaintiff before prescribing the anti-viral drug, to screen him for a drug allergy, or to monitor him for any adverse reaction[3] amounted, at worst, to medical malpractice. But as discussed in the court's prior order denying the defendant's motion to dismiss, the Eighth Amendment is not a vehicle for bringing claims for medical malpractice. *Bryant v. Madigan,* 84 F.3d 246, 249 (7th Cir.1996). The record does not support a

---

**2.** It is irrelevant whether Datta asked the plaintiff if he was allergic to any medication. There is no evidence that, prior to the plaintiff's exposure to Symmetrel, he had suffered an adverse reaction to that or any other medication. To the contrary, the plaintiff admitted at his deposition (p. 47) that he had never previously suffered an allergic reaction to any medication. Thus, asking the plaintiff would not have resulted in the doctor prescribing a different drug.

**3.** It should additionally be noted that in the week following his prescription of Symmetrel, Datta was not at the prison.

finding that the defendant acted with such gross incompetence or deliberate indifference as to rise to the level of a constitutional violation.

In his brief opposing summary judgment, the plaintiff emphasizes that several purported errors or admissions were made, but those mistakes are not attributable to the defendant. The plaintiff asserts that the medical staff wrote down the wrong prison in one entry, that a nurse wrongfully accused the plaintiff of faking his imbalance, and that a nurse attempted to give the plaintiff Symmetrel after it had been discontinued [the plaintiff refused to take the medication]. Those matters do not implicate the Constitution; regardless, the named defendant cannot be held liable for the errors of his subordinates. The doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir.1992).

In sum, no outcome-dispositive facts are in dispute, and the defendant has established that he is entitled to judgment as a matter of law. The plaintiff has failed to provide sufficient evidence to go to a jury on his assertion that his health problems were the result of a severe reaction to the prescription drug Symmetrel. Regardless, the evidence does not support the plaintiff's contention that Dr. Datta's prescription of Symmetrel was so blatantly inappropriate as to reflect complete incompetence or deliberate indifference. Accordingly, summary judgment must be granted in favor of the defendant.

IT IS THEREFORE ORDERED that the plaintiff's motion for summary judgment (docket # 39) is denied.

IT IS FURTHER ORDERED that the defendant's motion for summary judgment (docket # 51) is allowed. The Clerk is directed to enter judgment in favor of the defendant and against the plaintiff pursuant to Fed.R.Civ.P. 56. The case is terminated and the parties shall bear their own costs.